JEFFER MANGELS BUTLER & MITCHELL LLP
AN H. NGUYEN RUDA (Bar No. 215453)
*ahn@jmbm.com*
ELINA TILMAN (Bar No. 293979)
*ETilman@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, California 94111
Telephone:     (415) 398-80800
Facsimile:      (415) 398-5584

Attorneys for Dignity Health, a California
Nonprofit Public Benefit Corporation dba
Dominican Hospital

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| DIGNITY HEALTH, a California Nonprofit Public Benefit Corporation dba DOMINICAN HOSPITAL,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF INDUSTRIAL RELATIONS, DIVISION OF LABOR STANDARDS ENFORCEMENT; LILIA GARCIA-BROWER, Labor Commissioner, State of California, in her official capacity only,<br><br>Defendants. | Case No. 5:19-cv-6612<br><br>**COMPLAINT OF DIGNITY HEALTH FOR DECLARATORY RELIEF AND RELIEF PURSUANT TO 42 U.S.C. § 1983** |

## I.      **INTRODUCTION**

1.        Plaintiff Dignity Health, a California Nonprofit Public Benefit Corporation dba Dominican Hospital Dignity Health ("Plaintiff" or "Dignity Health") seeks declaratory and injunctive relief on the following grounds: (1) Defendants have taken action that is preempted by Section 301 of the Labor Management Relations Act (29 U.S.C. § 185) ("Section 301"); and (2) Defendants have taken action that violates Dignity Health's rights under 42 U.S.C. § 1983.

## II.      **PARTIES**

2.        Dignity Health is a California non-profit corporation, headquartered in San Francisco, that operates hospitals and other care facilities in California and throughout the country. Dominican Hospital is part of the Dignity Health healthcare system, located in Santa Cruz, California.

3.        Defendant California Department of Industrial Relations, Division of Labor Standards Enforcement ("DLSE") investigates and adjudicates wage claims under the California Labor Code.

4.        Defendant Lilia Garcia-Brower is the Labor Commissioner for the State of California, the head of the DLSE.  Defendant Garcia-Brower is named as a party hereto in her official capacity.

## III.      **JURISDICTION AND VENUE**

5.        This Court has jurisdiction pursuant to 28 U.S.C. § 1331, Section 301, and 42 U.S.C. § 1983 as Plaintiff's claims arise under (a) the Supremacy Clause of Article VI Clause 2 of the United States Constitution; (b) the National Labor Relations Act, 29 U.S.C. § 141 et seq.; and (c) the Civil Rights Act of 1871, 42 U.S.C. § 1983.

6.        Venue is proper in this Court pursuant to 28 U.S.C. §  1391(b)(2) as this Court is located in the federal judicial district where a substantial part of the events giving rise to Plaintiff's claims have occurred.  Plaintiff Dignity Health and its member hospital Dominican Hospital both reside in this district.

## IV.      **FACTUAL AND PROCEDURAL BACKGROUND**

7.        This matter arises from a claim filed with the California Labor

Commissioner by Sage Sewell ("Ms. Sewell" or "Claimant"), a nurse employed by Dignity Health member Dominican Hospital (the "Hospital"), claiming entitlement to sick pay. Claimant is a member of the California Nurses Association labor union (the "CNA" or "Union") and works pursuant to a collective bargaining agreement between the CNA and Dignity Health (the "CBA").

8.    The CBA governs the wage, hours, and working conditions of Union members. The CBA contains two parts, the Master Agreement and a Local Agreement with each individual covered hospital.

9.    The CBA provides a grievance procedure through which complaints by Union members against the Hospital may be adjudicated, including procedures for binding arbitration.

10.    Ms. Sewell has been employed at Dominican Hospital as a registered nurse from January 2014 to the present, on a per diem basis. Per diem employees at the Hospital work for a variable number of hours, based on the Hospital's needs and the per diem worker's availability. These positions are often attractive to employees who either have other employment, or who do not wish to work on a set schedule for personal reasons.

11.    During collective bargaining, the Union and the Hospital agreed that per diem workers would receive a 25% to 40% per hour wage premium in lieu of benefits. This means that per diem workers receive an upfront cash differential in lieu of receiving benefits, such as health insurance, paid vacation, and sick leave days. Article 10(D) of the Local CBA provides:

> "Per diem employees are those who routinely work as schedule of hours
> providing a salary differential in lieu of participation in all by legally-
> mandated benefit programs. Service in this category cannot be credited in
> any way toward any benefit program, this does not include the defined
> contribution pension plan, even if the employee is later assigned to a
> benefit-eligible category."

12.    Ms. Sewell filed a complaint against Dignity Health with the Labor Commissioner's office claiming that she was denied sick leave pay in 2017 and 2018, purportedly in violation of Cal. Labor Code § 245 *et seq.* (the "Act").

13.     Ms. Sewell bypassed the grievance procedure governed by the CBA to bring her complaint directly to the Labor Commissioner.

14.     After a hearing, the Labor Commissioner found that Dignity Health unlawfully withheld sick pay to Claimant, and ordered Dignity Health to pay Ms. Sewell $10,943.52 in sick leave pay, penalties, and interest.  Attached as Ex. A hereto is a copy of Order, Decision, or Award of the Labor Commissioner.

15.     This matter arises because the Labor Commissioner's action was preempted by Section 301 of the Labor Management Relations Act ("LMRA"), because Claimant's claims are governed by a CBA that satisfies the requirements for an exemption from the Act.

## V.     DIGNITY HEALTH SATISFIES AN EXEMPTION FROM THE PROVISIONS OF LABOR CODE § 245

16.     Unless they qualify for an exemption, employers in California must provide their employees paid sick leave pursuant to Labor Code § 245 et seq.

17.     The California legislature has often created exemptions to Labor Code requirements for unionized employees who are covered by collective bargaining agreements. Section 245.5(a)(1) provides such an exemption for employers, stating that "employee" for purposes of the Act does not include:  "(1) An employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for paid sick days or a paid leave or paid time off policy that permits the use of sick days for those employees, final and binding arbitration of disputes concerning the application of its paid sick days provisions, premium wage rates for all overtime hours worked, and regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate."

18.     The CBA provides for each of these requirements, and is therefore entitled to this exemption.  The only requirement the Labor Commissioner contends is not satisfied by the CBA is the requirement that CBA expressly provide for "paid sick days or a paid leave or paid time off policy that permits the use of sick days for those employees."  [Ex. A].

19.     The CBA does, however, provide for paid time off, which can be used to

COMPLAINT OF DIGNITY HEALTH FOR DECLARATORY RELIEF AND RELIEF UNDER 42 USC § 1983

take sick days, in CBA Local Article 24, which provides:

    A.    Paid Time Off (PTO) is a leave with pay benefit provided for the employee in lieu of sick days, vacation days and holidays.

    B.    <u>Eligibility</u>:  All full-time and regular part-time (i.e., .5 and above) employees are eligible for PTO.  PTO may be used at the employee's option provided the nurse has sufficient hours.

20.    The CBA also provides for extended sick leave (ESL) for "benefited employees."

21.    But because the CBA provides PTO and ESL benefits for full-time and benefitted part-time nurses, but not for per diem nurses—who instead receive substantial pay premiums in lieu of benefits as bargained for in the collective bargaining process—the Labor Commissioner contends that the Hospital is not exempted from the provisions of the Act.

22.    The Labor Commissioner's interpretation of Labor Code § 245.5(a)(1) is not supported by the plain language of the Act, which requires only that the relevant CBA provide for sick leave requirements in at least one of three ways, of which the CBA here complies with two of the three.

23.    Dignity Health and the Union followed the collective bargaining process Congress contemplated in the LMRA.  For per diem employees, like Sewell, the Union negotiated alternative wage protection in lieu of receiving benefits, such as paid sick leave.  Per diem nurses at the Hospital receive a minimum 25% pay premium and up to a 40% pay premium over other similarly situated nurses.  In Sewell's case the pay premium equates to additional pay of more than $19 per hour worked.

24.    If Dignity Health is required to provide the per diem workers paid sick leave on top of the 25% to 40% pay premiums, the Hospital would be deprived of the benefit of the bargain it negotiated.  The Hospital agreed to pay per diem nurses a substantial upfront cash premium in exchange for not providing them benefits.  Per diem workers approved this arrangement when they voted to ratify the CBA negotiated by their Union.

25.    Furthermore, even if Dignity Health is not entitled to the exemption of

JMBM | Jeffer Mangels Butler & Mitchell LLP

1  Labor Code § 245.5(a)(1), it nevertheless complies with the requirements the Act, specifically the

2  Act's provision that an "employer may use a different accrual method" for sick leave pay.  Labor

3  Code § 246(b)(3).

4          26.          Per diem nurses at the Hospital receive a 25 % to 40% wage premium over

5  similarly situated full-time nurses for every hour worked in lieu of receiving benefits, as set forth

6  in the following schedule from CBA Local Article 13:

7  **Per Diem Rates:**

8  Per Diem rates are based on the following percentage increase above Staff RN II, Step 2.

9  Per Diem A:         Step 1 - 25%

                      Step 2 - 35%

10                      Step 3 - 40%

11  Per Diem B:         Step 1 - 25%

                      Step 2 - 30%

12                      Step 3 - 35%

13  Per Diem C:         25%

14          27.          This premium functions as an alternative accrual method, and its value far

15  exceeds the value of sick leave pay that would otherwise accrue under the statutory provisions of

16  the Act.  *See* Labor Code §  246.  The value of this upfront cash payment exceeds the value of sick

17  leave that would otherwise be accrued under the statutory scheme.  *See* Labor Code §  246(b).

18

19  **VI.     MS. SEWELL'S CLAIM AGAINST DIGNITY HEALTH IS PREEMPTED BY**

20          **SECTION 301**

21          28.          Section 301 of the LMRA provides that "suits for violation of contracts

22  between an employer and a labor organization fall within the exclusive jurisdiction of the federal

23  courts." 29 U.S.C. § 185.  Although Section 301 does not explicitly provide for federal

24  preemption, the Supreme Court has held "that state attempts to influence the substantive terms of

25  collective-bargaining agreements are . . . inconsistent with the federal regulatory scheme as are

26  attempts by the NLRB" and "federal labor policy and the federal Act have pre-empted state

27  regulatory authority to police the use by employees and employers of peaceful methods of putting

28  economic pressure upon one another." *Lodge 76, Int'l Assn' of Machinists v. Wisconsin*

*Employment Relations Comm.*, 427 U.S. 132, 144 (1976).  "*Machinists* preemption prohibits states from imposing restrictions on labor and managements' 'weapons of self-help' that were left unregulated in the NLRA because Congress intended for tactical bargaining decisions and conduct 'to be controlled by the free play of economic forces.'"  *Associated Builders & Contractors of S. Cal. v. Nunn*, 356 F.3d 976, 987 (9th Cir. 2004).  To ensure the uniform interpretation of labor contracts, any state law claim that requires judicial interpretation of the CBA or is "inextricably intertwined" with the CBA is preempted by Section 301.  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985).

29.     When evaluating preemption, the court looks to "whether plaintiff's state law right is substantially dependent on analysis of [the CBA]. . . ." *Curtis v. Irwin Industries, Inc.*, 913 F.3d, 1146, 1153 (9th Cir. 2019).  "Accordingly, a state law claim may avoid preemption if it does not raise questions about the scope, meaning, or application of the CBA." *Id.* (citing *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994)).  When preemption is found, the employee can bring a Section 301 claim only after she has exhausted the CBA's grievance procedure.  *United Paper-Workers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 37 (1987).

30.     Dignity Health and the Union engaged in collective bargaining to determine the scope and terms of the CBA.  Part of the bargain struck was to pay a substantial wage premium to per diem workers, in lieu of benefits, including sick leave pay.  Resolution of whether a per diem worker, like Ms. Sewell, is entitled to additional sick leave pay, over and above the wage premium such workers already receive pursuant to the CBA, necessarily requires interpretation of the CBA (including at least CBA Local Article 10), past practice, and the bargaining history between the parties to determine: (a) whether the 25% to 40% wage premiums per diem nurses receive includes compensation for sick leave; and (2) whether those wage premiums comply with the Labor Code § 246(b)(3).

31.     As such, Ms. Sewell's claim against Dignity Health is preempted by Section 301 of the LMRA.

JMBM | Jeffer Mangels
Butler & Mitchell LLP

VII.  **THE CALIFORNIA LABOR COMMISSION'S ACTIONS VIOLATE DIGNITY HEALTH'S RIGHTS TO BE FREE FROM GOVERNMENTAL INTERFERENCE IN THE COLLECTIVE BARGAINING PROCESS**

32.  If the Labor Commissioner's ruling is permitted to stand, it is a deprivation of Dignity Health's rights, privileges, or immunities secured by the Constitution and the laws of the United States.

33.  The Supreme Court has held that "based on the language, structure, and history of the NLRA, that the Act protects certain rights of labor *and management* against government interference." *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 111-112 (1989).  According to Supreme Court precedent, Dignity Health, as an employer governed by the NLRA, is a beneficiary of its statutory scheme that "prevents governmental interference with the collective-bargaining process" and "gives it rights enforceable against governmental interference in an action under § 1983." *Id.* at 109.

34.  Defendants California Division of Labor Standards Enforcement and Labor Commissioner Lilia Garcia-Brower have interfered, and will continue to interfere with the collective bargaining process between Dignity Health and the Union.  Their actions in issuing the order in the *Sage Sewell v. Dignity Health* matter [Ex. A], despite federal preemption of Ms. Sewell's claim, have and will harm Dignity Health by depriving it of the benefit of the bargain it struck with the Union to pay substantial wage premiums to per diem workers in lieu of benefits.

VIII.  **FIRST CAUSE OF ACTION – DECLARATORY RELIEF**

35.  Dignity Health incorporates herein each and every foregoing paragraph.

36.  Declaratory relief is appropriate to resolve this matter as an actual and ripe controversy exists between Dignity Health and Defendants.

37.  This Court declare that the matter brought against Dignity Health by Sage Sewell, and ruled upon by the California Labor Commissioner is preempted by Section 301 of the Labor Management Relations Act, 28 U.S.C. § 141 et seq. and thus may not be adjudicated by a state administrative agency.

1  38.      This Court should further declare that Defendants may take no further

2  actions in to enforce the Order, Decision, or Award of the Labor Commissioner issued on October

3  1, 2019, in the *Sage Sewell v. Dignity Health* matter before the office of the Labor Commissioner

4  (the "Sewell Order").

5  **IX.   SECOND CAUSE OF ACTION – VIOLATION OF 42 U.S.C. § 1983**

6  39.      Dignity Health incorporates herein each and every foregoing paragraph.

7  40.      Defendants, in their official capacities, have abridged Dignity Health's

8  rights, privileges, or immunities secured by the LMRA to engage in collective bargaining without

9  state interference by issuing the Sewell Order in violation of 42 U.S.C. § 1983.

10  41.      Dignity Health has been harmed by and will continue to be harmed by the

11  Sewell Order, which has interfered with Dignity Health's collective bargaining process with the

12  California Nurses Association, and has deprived Dignity Health of the benefit of its collective

13  bargaining process.

14  42.      The Court should issue an order enjoining Defendants from enforcing the

15  Sewell Order and from taking any further action to enforce, order, interpret, adjudicate, or rule

16  upon the Sewell Order.

17  **X.   PRAYER FOR RELIEF**

18  WHEREFORE, Plaintiff Dignity Health prays for the following relief:

19  A.      That the Court declare that the matter brought against Dignity Health by Sage

20  Sewell before the California Labor Commissioner, and ruled upon in the Sewell Order is

21  preempted by Section 301 of the Labor Management Relations Act, 28 U.S.C. § 141 et seq. and

22  thus may not be adjudicated by a state administrative agency.

23  B.      That the Court should further declare that Defendants may take no further actions

24  to enforce the Sewell Order.

25  C.      That the Court should issue an order enjoining Defendants from enforcing the

26  Sewell Order and from taking any further action to enforce, order, interpret, adjudicate, or rule

27  upon the Sewell Order.

28  D.      For attorneys' fees and costs as permitted pursuant to 42 U.S.C. § 1983.

1       E.     For such other and further relief as the Court may deem proper.

DATED:  October 15, 2019          JEFFER MANGELS BUTLER & MITCHELL LLP
AN H. NGUYEN RUDA
ELINA TILMAN


By:       _____/s/ An H. Nguyen Ruda_____
           AN H. NGUYEN RUDA
           Attorneys for Dignity Health, a California
           Nonprofit Public Benefit Corporation dba
           Dominican Hospital

# EXHIBIT A

| STATE OF CALIFORNIA<br>**Department of Industrial Relations**<br>**Labor Commissioner's Office**<br>950 E. Blanco Rd., Ste 204<br>Salinas, CA 93901<br>Email: laborcomm.wca.sal@dir.ca.gov<br>Fax: (831) 604-2319 | |
|---|---|
| **PLAINTIFF:**<br>    **Sage Sewell** | |
| **DEFENDANT:**<br>    **Dignity Health, a California Non-Profit Corporation**<br>    185 BERRY ST STE 300<br>    SAN FRANCISCO, CA 94107 | |
| State Case Number<br>**WC-CM-420642** | **NOTICE OF PAYMENT DUE** |

You have been served a copy of the Labor Commissioner's Order, Decision or Award.

If the full amount of the sums set forth the Order, Decision or Award is received by this office within ten (10) days of the date the Order, Decision or Award was served upon you, no judgment will be entered in this matter.

Payment must be made by certified check, cashier's check or money order (no other tender will be accepted) made payable to the Plaintiff named in the Order, Decision or Award, and addressed to the Office of the Labor Commissioner at the address shown above.

If payment is not received, a certificate of lien will be filed with the county recorder/clerk's office, in addition to a judgment with the superior court.

NOTICE DATE: October 2, 2019


Carla Matteucci
Deputy Labor Commissioner
(831) 676-2516

| STATE OF CALIFORNIA<br>**Department of Industrial Relations**<br>**Labor Commissioner's Office**<br>950 E. Blanco Rd., Ste 204<br>Salinas, CA 93901<br>Email: laborcomm.wca.sal@dir.ca.gov<br>Fax: (831) 604-2319 | For Court Use Only: |
|---|---|
| Plaintiff:<br>Sage Sewell, | Court Number: |
| Defendant:<br>Dignity Health, a California Non-Profit Corporation | |
| **Case No.: WC-CM-420642** | **ORDER, DECISION OR AWARD OF THE LABOR COMMISSIONER** |

1. The above-entitled matter came on for hearing before the Labor Commissioner of the State of California as follows:

   **DATE: January 31, 2019**          **CITY: 100 Paseo de San Antonio, Room 120, San Jose, CA 95113**

2. IT IS ORDERED THAT: Plaintiff recover from Defendant:

| | Balance Due to Employee(s) | Interest Balance Due | Line Total |
|---|---|---|---|
| SICK LEAVE | $9,385.30 | $1,558.22 | $10,943.52 |
| Totals | $9,385.30 | $1,558.22 | **$10,943.52** |

3. The herein Order, Decision or Award is based upon the Findings of Fact, Legal Analysis and Conclusions attached hereto and incorporated herein by reference.

4. The parties herein are notified and advised that this Order, Decision or Award of the Labor Commissioner shall become final and enforceable as a judgment in a court of law unless either or both parties exercise their right to appeal to the appropriate court* within ten (10) days of service of this document. Service of this document can be accomplished either by first class mail or by personal delivery and is effective upon mailing or at the time of personal delivery. If service on the parties is made by mail, the ten (10) day appeal period shall be extended by five (5) days. For parties served outside of California, the period of extension is longer (See Code of Civil Procedure Section 1013). In case of appeal, the necessary filing fee must be paid by the appellant and appellant must, immediately upon filing an appeal with the appropriate court, serve a copy of the appeal request upon the Labor Commissioner. If an appeal is filed by a corporation, a non-lawyer agent of the corporation may file the Notice of Appeal with the appropriate court, but the corporation must be represented in any subsequent trial by an attorney, licensed to practice in the State of California. Labor Code Section 98.2(c) provides that if the party seeking review by filing an appeal to the court is unsuccessful in such appeal, the court shall determine the costs and reasonable attorney's fees incurred by the other party to the appeal and assess such amount as a cost upon the party filing the appeal. An employee is successful if the court awards an amount greater than zero. **PLEASE TAKE NOTICE:** Labor Code Section 98.2(b) requires that as a condition to filing an appeal of an Order, Decision or Award of the Labor Commissioner, the employer shall first post a bond or undertaking with the court in the amount of the ODA; and the employer shall provide written notice to the other parties and the Labor Commissioner of the posting of the undertaking. Labor Code Section 98.2(b) also requires the undertaking contain other specific conditions for distribution under the bond. While this claim is before the Labor Commissioner, you are required to notify the Labor Commissioner *in writing* of any changes in your business or personal address within 10 days after change occurs.

Notice Date: October 01, 2019

By _____
Michael Espino-Tellez, Hearing Officer

*Superior Court of California, Santa Cruz County
 701 OCEAN ST RM 110
 SANTA CRUZ, CA 95060

1

BEFORE THE LABOR COMMISSIONER

2

OF THE STATE OF CALIFORNIA

3

SAGE SEWELL,

CASE NO.   CM-420642

4

Plaintiff,

ORDER, DECISION, OR AWARD
OF THE LABOR COMMISSIONER

5

v.

6

DIGNITY HEALTH, a California
corporation dba DOMINICAN
HOSPITAL,

7

8

Defendant.

9

## BACKGROUND

10

Plaintiff filed an initial claim with the Labor Commissioner's office on February 2,

11

2018. The complaint raises the following allegations:

12

1. 72 hours of sick pay incurred from November 11, 2017, to January 18, 2018 at the

13

$86.5814 per hour, claiming $6,233.86 for sick leave wrongfully withheld

14

pursuant to Labor Code § 245 et seq.;

15

2.  $4,000.00 as an administrative penalty for failure to pay sick pay pursuant to

16

Labor Code § 248.5(b)(2) (amount of sick leave unlawfully withheld times three

17

for an amount of not less than $250.00 or more than $4,000.00);

18

3. Damages pursuant to Labor Code § 248.5(b)(3) for failure to comply with record

19

keeping requirements on deduction statements pursuant to Labor Code §246(i),

20

claiming $4,000.00; and

21

4. Interest pursuant to Labor Code § 248.5(f).

22

On January 31, 2019, a hearing was conducted in the offices of the Labor

23

Commissioner in San Jose, California, before the undersigned Hearing Officer designated

24

by the Labor Commissioner to hear this matter. Plaintiff Sage Sewell appeared represented

25

by Phuong Tran. Director of Human Resources, Laura Ann Karwick appeared on behalf of

26

Defendant Dignity Health, a California corporation dba Dominican Hospital, which was

27

represented by Elina Tilman, Esq.

28

1  Due consideration having been given to the testimony, documentary evidence, and

2  arguments presented, the Labor Commissioner hereby adopts the following Order,

3  Decision, or Award.

## FINDINGS OF FACT

5  Plaintiff, Sage Sewell, has been employed by Defendant, Dominican Hospital, a

6  California corporation, as a per diem registered nurse from January 2014 to the present.

7  She earned $86.5815 per hour during the claimed period from November 11, 2017, to

8  November 15, 2017. Defendant provides health care services. Plaintiff works in Santa Cruz

9  County.

10  Plaintiff works pursuant to a collective bargaining agreement.  The agreement is

11  silent as to providing sick days for per diem employees such as Plaintiff.  As a per diem

12  employee, as compared to a regular employee, Plaintiff is paid an hourly rate 25 to 40%

13  greater than a regularly scheduled employee.  However, Plaintiff does not enjoy a regular

14  schedule and benefits such as sick pay.

15  Plaintiff testified she called off sick on November 11, 2017, November 13, 2017, and

16  November 15, 2017.  Document evidence submitted by Defendant shows Plaintiff was

17  scheduled to work a 12-hour shift on November 11th, and four (4) hours on November 13.

18  Plaintiff was not scheduled to work on November 15.  Defendant did not pay these sick

19  hours because of Plaintiff's per diem employee status under a collective bargaining

20  agreement.

21  Defendant's position was that Plaintiff is not subject to the California Paid Sick

22  Leave law, the Healthy Families Act of 2014, and is not entitled to sick leave pay.

23  Defendant laid out the following arguments in support of its position:

24  1)  Plaintiff is not covered under the Act.  Defendant relied on the exemption for

25  employees as defined in Labor Code Section 245.5(a)(1), which provides:

26  (a) "Employee" does not include the following:

27  (1) An employee covered by a valid collective bargaining agreement if the

28  agreement expressly provides for wages, hours of work, and working

ORDER, DECISION, OR AWARD OF THE LABOR COMMISSIONER                    Case No. CM-420642

conditions of employees, and expressly provides for paid sick days or a paid leave or paid time off policy that permits the use of sick days for those employees, final and binding arbitration of disputes concerning the application of its paid sick days provisions, premium wage rates for all overtime hours worked, and regular rate of pay of not less than 30 percent more than the state minimum wage rate.

2) Labor Code Section 245.5(a)(3) states that the individual must be provided sick leave but 245.5(a)(1) does not use the same language.  Defendant argued the DLSE and the court has no right to write additional language.  Defendant stated that the court in Mauia v. Petrochem Insulation, Inc., 2018 U.S. Dist. LEXIS 145667 (N.D. Cal. 2018), dealt with the same position as the DLSE where Plaintiff tried to argue that in order to qualify for the exemption, it must qualify as an individual factor.  Defendant contended that the collective bargaining agreement must qualify, not each individual employee.

3) Plaintiff's per diem differential meets the "Alternative Accrual Method" under Labor Code Section 246(b)(3) because Plaintiff accrued cash.

4)  DLSE is preempted from interpreting collective bargaining agreement.  Plaintiff had to exhaust grievance procedures and/or to seek her remedies in federal court.

## LEGAL ANALYSIS

Industrial Welfare Commission Order Number 5 regulates wages, hours, and working conditions in the public housekeeping industry.  As a health care employee, Plaintiff worked pursuant to this IWC Order.

Labor Code §§ 245 et seq. provides that a qualified employee may accrue up to 48 hours of sick leave and use up to 24 hours of sick leave per year.  Sick leave may be used for the "[d]iagnosis, care, or treatment of an existing health condition of, or preventive care for, an employee or an employee's family member."  Labor Code § 246.5(a)(1).

Furthermore, Labor Code § 246.5 (b)(4) provides that an employer may satisfy the

ORDER, DECISION, OR AWARD OF THE LABOR COMMISSIONER                    Case No. CM-420642

1   accrual requirements of this section by providing not less than 24 hours <u>or three days</u> of

2   paid sick leave that is available to the employee to use by the completion of his or her 120th

3   calendar day of employment. (Emphasis added).

4          "If the Labor Commissioner, after a hearing that contains adequate safeguards to

5   ensure that the parties are afforded due process, determines that a violation of this article

6   has occurred, he or she may order any appropriate relief, including . . . backpay, the

7   payment of sick days unlawfully withheld, and the payment of an additional sum in the

8   form of an administrative penalty to an employee . . . whose rights under this article were

9   violated." Labor Code § 248.5(b)(1).

10         Plaintiff, a per diem employee, worked pursuant to a collective bargaining

11  agreement. Defendant argues Plaintiff, as a per diem employee earning an enhanced

12  hourly rate, is not subject to Labor Code § 245 <u>et seq.</u>, also known as the Healthy

13  Workplaces, Healthy Families Act of 2014, insofar as the enhanced hourly rate is in lieu of

14  benefits within the meaning of the collective bargaining agreement's provision of paid time

15  off to regularly scheduled (non-per diem) nurses. Defendant argues Plaintiff's paid sick

16  hours rights are therefore within the collective bargaining agreement, and argues the Office

17  of the Labor Commissioner does not have jurisdiction over Plaintiff's sick leave claims

18  pursuant to <u>Livadas v. Bradshaw</u>, 512 U.S. 107 (1994), which provides that a state judicial

19  forum may not interpret a collective bargaining agreement.

20         Defendant further argues Plaintiff is not an "employee" entitled to the protection of

21  Labor Code §§ <u>245 et seq.</u>, pursuant to Labor Code § 245.5(a)(1): "'Employee' does not

22  include the following: (1) An employee covered by a valid collective bargaining agreement

23  if the agreement expressly provides for the wages, hours of work, and working conditions

24  of employees, and *expressly provides for paid sick days or a paid leave or paid time off policy that*

25  *permits the use of sick days for those employees . . . .*" (Emphasis added.) In comparison, Labor

26  Code § 245.5(a)(2) which addresses collective bargaining agreements for employees in the

27  construction industry explicitly provides for the opting out of the California Paid Sick

28  Leave law.

ORDER, DECISION, OR AWARD OF THE LABOR COMMISSIONER          Case No. CM-420642

1        Curtis v. Irwin Indus., Inc., 913 F.3d 1146 (9th Cir. 2019), provides that claims

2    establishing a worker's right, such as paid sick leave, remain within the power of the state,

3    and claims related to paid sick leave rights are not necessarily preempted, even if the claims

4    are seemingly covered within the parties' collective bargaining agreement.   Plaintiff's

5    claims are not pursuant to a right set forth in collective bargaining agreement.   Plaintiff's

6    claims are brought pursuant to state statute.   Further, insofar as the collective bargaining

7    agreement is silent as to Plaintiff's sick leave rights, no analysis of the collective bargaining

8    agreement is necessary.   Accordingly, the finding is Plaintiff's sick leave claims are not

9    preempted due to the collective bargaining agreement.

10       Section 246(b)(3) provides: "An employer may use a different accrual method, other

11   than providing one hour per every 30 hours worked, provided that the accrual is on a

12   regular basis so that an employee has no less than 24 hours of accrued sick leave or paid

13   time off by the 120th calendar day of employment or each calendar year, or in each 12-month

14   period."

15       The statute speaks of accrual in terms of minimum number of "hours" accrued

16   within each "12-month period of employment".   The term "accrual" therefore refers to

17   time.  There is nothing in the statute which suggests that a cash payment can be substituted

18   for accrual of "no less than 24 hours of accrued sick leave or paid time off by the 120th

19   calendar day of employment or each calendar year, or in each 12-month period".

20   Defendant has provided no authority for such an interpretation.

21       Plaintiff was sick on November 11, 2017, and November 13, 2017, but was scheduled

22   to work a total of 16 hours (12 hours on November 11, and 4 hours on November 13).

23   Accordingly, Plaintiff is awarded $1,385.30 pursuant to Labor Code §§ 245 et seq. (16 hours

24   sick times $86.5815 per hour).

25       "If paid sick days were unlawfully withheld, the dollar amount of paid sick days

26   withheld from the employee multiplied by three, or two hundred fifty dollars ($250),

27   whichever amount is greater, **but not to exceed an aggregate penalty of four thousand**

28   **dollars ($4,000)**, shall be included in the administrative penalty." Labor Code § 248.5(b)(2).

1   (Emphasis added).

2        $1,385.30 of sick pay was unlawfully withheld.   Accordingly, Plaintiff is further

3   awarded the maximum penalty of $4,000.00 pursuant to Labor Code § 248.5(b)(2) (3 times

4   $1,385.30 or up to the maximum $4,000.00).

5        In addition, "An employer shall provide an employee with written notice that sets

6   forth the amount of paid sick leave available, or paid time off leave an employer provides

7   in lieu of sick leave, for use on either the employee's itemized wage statement described in

8   Section 226 or in a separate writing provided on the designated pay date with the

9   employee's payment of wages." Labor Code § 246(i).

10       Here, Defendant was in violation of the Healthy Workplaces, Healthy families Act

11   for over 80 days. Defendants did not provide Plaintiff with written notice that sets forth

12   the amount of paid sick available for use on either the employee's itemized wage statement

13   or in a separate writing.  Accordingly, the maximum penalty of $4,000.00 is applicable (80

14   days times $50.00 per day). Labor Code § 248.5(b)(3). Having received no evidence to the

15   contrary, Plaintiff is awarded this amount.

16       Awards pursuant to Labor Code § 245 et seq. are subject to interest pursuant to

17   Labor Code § 248.5(f).  Such interest equals $1,558.22.

18                                      **CONCLUSIONS**

19       For all the foregoing reasons, IT IS HEREBY ORDERED that defendant pays plaintiff

20   as follows:

21       1.   $1,385.30 as sick leave pay pursuant to Labor Code 248.5(b)(1);

22       2.   $4,000.00 as a penalty pursuant to Labor Code § 248.5(b)(2);

23       3.   $4,000.00 as a penalty pursuant to Labor Code §§ 246 and 248.5(b)(3);

24       4.   $1,558.22 as interest pursuant to Labor Code § 248.5(f).

25       The total award to plaintiff is $10,943.52.

26

27

28   Dated: October 1, 2019                         Michael Espino-Tellez, Hearing Officer

ORDER, DECISION, OR AWARD OF THE LABOR COMMISSIONER           Case No. CM-420642

Elina Tillman Esq.
Jeffer, Mangels, Butler & Mitchell LLP
Two Embarcadero Center, 5th Fl
San Francisco, CA 94111

STATE CASE NUMBER: WC-CM-420642

State of California
Department of Industrial Relations
DIVISION OF LABOR STANDARDS ENFORCEMENT

## CERTIFICATION OF SERVICE BY MAIL
## (C.C.P. 1013A) OR CERTIFIED MAIL

I, Carol Cruz, do hereby certify that I am a resident of or employed in the County of Santa Clara, over 18 years of age, not a party to the within action, and that I am employed at and my business address is:

### LABOR COMMISSIONER, STATE OF CALIFORNIA
100 Paseo de San Antonio Room 120
San Jose, CA 95113
Tel: (408) 277-1266     Fax: (408) 277-9643

I am readily familiar with the business practice of my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On October 2, 2019, at my place of business, a copy of the **following document(s):**

### Order, Decision or Award

was(were) placed for deposit in the United States Postal Service in a sealed envelope, by First Class with postage fully prepaid, addressed to:

NOTICE TO:

**Sage Sewell**

|  | Service Address |
| --- | --- |
| Elina Tillman Esq. Jeffer, Mangels, Butler & Mitchell LLP, Attorney of Dignity Health, a California Non-Profit Corporation | Two Embarcadero Center, 5th Floor San Francisco, CA 94111 |
| Rick Grossman, an Individual Agent of Dignity Health, a California Non-Profit Corporation | 185 BERRY ST STE 300 SAN FRANCISCO, CA 94107 |

and that envelope was placed for collection and mailing on that date following ordinary business practices.

*I certify under penalty of perjury that the foregoing is true and correct.*

Executed on October 2, 2019, at San Jose, California.

STATE CASE NUMBER: WC-CM-420642

/s/ Carol Cruz

STATE OF CALIFORNIA
DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF LABOR STANDARDS ENFORCEMENT
100 PASEO DE SAN ANTONIO, ROOM 120
SAN JOSE, CA  95113

94111#3#13 C016



US POSTAGE>> PITNEY BOWES

ZIP 95113
02 1W
0001393385 OCT 02 2019

$ 000.65⁰